UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | |
|---|---|---|
| DONTA L. PALM, | : | CASE NO. 5:05-CV-2667 |
| | : | |
| Plaintiff, | : | JUDGE JAMES S. GWIN |
| | : | |
| vs. | : | ORDER AND OPINION |
| | : | [Resolving Doc. No. 8] |
| THE UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On November 15, 2005, the Plaintiff filed this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80 against the United States for the actions of the Social Security Administration. The Plaintiff alleges that the Social Security Administration negligently pursued litigation against him for a fraudulent claim, and that as a result of their negligence he spent seven days in prison which caused him severe emotional distress. On February 7, 2006, the Social Security Administration filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. For the following reasons, the Court **GRANTS** Defendant's motion to dismiss.

**I. Background**

Donta Palm survives on disability payments from the Social Security Administration, which he receives because he is mentally impaired. On July 24, 2003, the Social Security Administration found Palm eligible for the disability payments, with retroactive effect to April 1993. Accordingly, on November 7, 2003, the Social Security Administration issued a check to Palm for $20,976.87 in compensation for the previous decade. On November 14, 2003, Palm deposited this check into his

-1-

credit union account. Subsequently, on November 27, 2003, the Social Security Administration sent Palm a letter indicating that a check in the amount of $20,976.87 was forthcoming to compensate him for unpaid benefits due through October 2003. On December 2, 2003, Palm contacted the Administration about the check referenced in the letter, and on December 3, 2003, the Administration issued a replacement check. On December 8, 2003, Palm deposited the replacement check into his credit union account. On December 10, 2003, the credit union contacted the Social Security Administration office in Akron to report the double deposit, and returned the replacement check.

The Social Security Administration referred Palm's situation to William Brown, an agent in the Office of Inspector General for review. Brown reported the matter to Summit County Prosecutor Sherri Bevan Walsh, charging that Palm attempted to defraud the Social Security Administration. Palm claims that Brown's report, which formed the basis of Palm's March 26, 2004 indictment by the Summit County grand jury, failed to include information regarding Palm's mental impairment or the Administration's November 27 letter. On April 22, 2004, the City of Akron Police Department arrested Palm.

On June 2, 2004, the Summit County Court of Common Pleas dismissed the case against Palm. The circumstances leading to the dismissal are somewhat disputed. Palm claims that the judge at the Summit County Court of Common Pleas learned the full underlying facts and recommended that Walsh drop the case, while the United States says that Walsh's motion to dismiss was based on her own evaluation of new evidence (specifically, the November 27 letter and the returned replacement check).

In late December 2004,[1] Palm filed a claim against Brown with the Social Security Administration Claims Department under the FTCA to recover $125,000 in damages for injuries sustained during his seven days in jail, including mental suffering and severe emotional distress. On May 18, 2005, the Social Security Administration's Office of General Counsel issued Palm a letter dismissing his claim, concluding that Palm failed to demonstrate that Brown committed a negligent or wrongful act or omission within the scope of his employment. On November 15, 2005, Palm filed this complaint, again seeking $125,000 in compensatory damages and alleging that the Social Security Administration negligently pursued the fraud prosecution despite knowing that Palm lacked the mental capacity to commit fraud. On February 7, 2006, the United States filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim.

## II. Legal Standard

*A. Subject Matter Jurisdiction*

When subject matter jurisdiction is challenged under Fed. R. Civ. P. 12(b)(1), the plaintiff has the burden of proving that the court has jurisdiction over the cause of action. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). In ruling on such a motion, the district court may resolve factual issues when necessary to resolve its jurisdiction. *Madison-Hughes*, 80 F.3d at 1130; *Rogers*, 798 F.2d at 918.

In cases such as this where the Plaintiff asserts a claim against the United States under the FTCA, a Rule 12(b)(1) dismissal for lack of subject matter jurisdiction is appropriate if the United States action qualifies for the discretionary function exception under the FTCA. *Rich v. United States*, 119 F.3d 447, 449 (6th Cir. 1997), *cert. denied*, 523 U.S. 1047 (1998).

---

[1] Palm says that he filed the claim on December 22, 2004, while the United States says that he filed the claim on December 29, 2004. [Doc. 8 4; Doc. 11 3.]

*B. Failure to State a Claim*

The Court can dismiss a complaint only when "it is clear that the plaintiff can prove no set of facts in support of [the] claim that would entitle [the plaintiff] to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). In deciding a motion under Fed. R. Civ. P. 12(b)(6), the Court must accept all of the allegations contained in the plaintiff's complaint as true and construe the complaint "liberally in favor of the party opposing the motion." *Id.* at 377. While the Court is obliged to accept as true the well-pleaded allegations in the complaint, the Court need not accept as true the "bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court also need not accept "unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Nevertheless, the Court can only grant a motion to dismiss when the facts of the complaint show that there is an insuperable bar to relief for the plaintiff.

### III. Discussion

In support of its Motion to Dismiss, the United States argues that the Court lacks jurisdiction over the Plaintiff's claim because the Social Security Administration and the Summit County Prosecutor's decisions regarding investigation and prosecution fall within the discretionary function exception to the FTCA. Alternatively, the United States argues that the Plaintiff fails to state a claim.

*A. Subject Matter Jurisdiction Under the Federal Tort Claims Act*

The FTCA is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies, and its employees acting within the scope of their employment. *See* 28 U.S.C. § 2679; *Arbour v. Jenkins*, 903 F.2d 416, 419 (6th Cir.1990). The Act generally

authorizes suits against the United States for damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

The Act includes a number of exceptions to this broad waiver of sovereign immunity. The exception relevant to this case provides that no liability shall lie for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). If a case falls within the discretionary function exception, the court lacks subject matter jurisdiction. *Rosebush v. United States*, 119 F.3d 438, 441 (6th Cir. 1997).

Two conditions must be met for the discretionary function or duty exception to apply. *Rich*, 119 F.3d at 450. A court must find under the first condition that the action involved was a matter of choice for the federal employee. *Id*. "[C]onduct cannot be discretionary unless it involves an element of judgment or choice." *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988). This first condition means that the discretionary function exception should not apply if there is a federal statute, regulation, or policy specifically prescribing a course of conduct or action for the federal employee. If there is no such prescription, the employee must exercise judgment and some protection should be provided for this exercise. *Rich*, 119 F.3d at 450.

Under the second condition, the "court must determine whether that judgment is of the kind that the discretionary function exception was designed to shield." *Berkovitz*, 486 U.S. at 536. The United States Supreme Court has explained the logic of this second condition as follows: "Congress

wished to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984). "In sum, the discretionary function exception insulates the Government from liability if the action challenged in the case involves the permissible exercise of policy judgment." *Rich*, 119 F.3d at 450 ( quoting *Berkovitz*, 486 U.S. at 537).

In the instant case, the United States is not liable for the Summit County Prosecutor's decision to prosecute the Plaintiff. First, the county prosecutors are not federal employees. Therefore, Prosecutor Walsh's conduct cannot form the basis of a complaint under the FTCA. *See Petty v. U.S.*, No. 02-1605, 2003 WL, 22718254, at *3 (6th Cir. Nov. 17, 2003). Second, even if Walsh was a federal employee, courts are in general agreement that determinations of when, whether, and how to investigate or prosecute are discretionary functions because they result from balancing policies of enforcement and future compliance. *Anderson v. Johnson*, No. 98-1931, 1999 WL 1023753 at *2 (6th Cir. Nov. 4, 1999) (citing *Sutton v. U.S.*, 819 F.2d 1289, 1294-95 (5th Cir. 1987)); *General Dynamics Corp. v. U.S.*, 139 F.3d 1280, 1284 (9th Cir. 1998); *Sloan v. U.S. Dept. of Housing and Urban Development*, 236 F.3d 756, 760 (D.C. Cir. 2001).

The Plaintiff attempts to circumvent this rule by focusing on Agent Brown's conduct in investigating and reporting the matter to Prosecutor Walsh. Essentially, the Plaintiff argues that the discretionary function exception does not apply in this case because the conduct in question is Brown's alleged negligence rather than Walsh's decision to prosecute Palm. Initially, the Court notes that whether or not Brown acted negligently is irrelevant to the issue of whether the discretionary function exemption shields his conduct. In other words, if the challenged conduct is

of the nature and quality that Congress intended to protect, then the discretionary function exception applies even if the decision-maker acted negligently. *See Rosebush*, 119 F.3d at 442; *Myslakowski v. United States*, 806 F.2d 94, 97 (6th Cir. 1986), *cert. denied*, 480 U.S. 948 (1987); *Graves v. United States*, 872 F.2d 133, 137 (6th Cir.1989).

Next, the Court finds that just as Walsh's ultimate determination to prosecute Palm constitutes a discretionary function, so does Brown's determination of what facts or evidence to include in the report he submitted to Walsh's office. Other Courts have similarly found that the conduct of investigatory officers as relates to prosecutorial decisions falls under the FTCA's discretionary function exemption. *See General Dynamics*, 139 F.3d at 1284 (noting that "the exercise of prosecutorial judgment will usually insulate investigating officers from liability" because "[w]ere it otherwise, it would be a simple matter to bog down the government in a new litigation whenever the erstwhile defendant had been the victor. Prosecutors do not usually do all of their own investigation, so a victorious defendant could almost always argue that this or that report was negligently prepared."); *Sloan*, 236 F.3d at 761 ("[W]here the 'allegation of improper investigatory conduct is inextricably tied to the decision to prosecute and the presentation of evidence,' the discretionary function exception applies and preserves governmental immunity." (quoting *Gray v. Bell*, 712 F.2d 490, 516 (D.C. Cir. 1983))).

*General Dynamics*, in particular, is very similar to this case. In that case, the plaintiff, General Dynamics, sued the United States under the FTCA, alleging that the Department of Justice ("DOJ") initiated a baseless investigation and prosecution of General Dynamics. The plaintiff held a contract with the United States to develop certain technology for the army. *Id*. at 1282. After auditing General Dynamics, the Defense Contract Audit Agency ("DCAA"), the U.S. Department

of Defense's auditing branch, issued a report alleging that General Dynamics made approximately $8,000,000 in fraudulent charges. *Id*. Based on this report, the DOJ launched an extensive investigation into General Dynamics, ultimately charging the company and four of its employees with conspiracy and making false statements to the United States. *Id*. The DOJ later learned that the DCAA was negligent in preparing its report and that the allegations of misconduct against General Dynamics were unfounded. After the DOJ dismissed the criminal suit, General Dynamics sued to recover the costs of defending the suit. *Id*.

General Dynamics alleged that the court had jurisdiction over its FTCA claim because the challenged conduct was the DCAA's negligence rather than the prosecutor's ultimate decision, based in part on that negligence, to prosecute General Dynamics. The Ninth Circuit rejected the plaintiff's argument, holding that where the ultimate harm arises from the prosecution and the plaintiff alleges no independent harm from the negligent investigation itself, the conduct at issue remains the decision to prosecute. Specifically, the court stated:

> Where, as here, the harm actually flows from the prosecutor's exercise of discretion, an attempt to recharacterize the action as something else must fail. And there can be no doubt that the buck stopped at the prosecutors. True, they had a report from the DCAA, but the decision to prosecute was all their own. They were not required to prosecute, and were not forced to do so. Nothing prevented them from gathering further information before they proceeded.

*Id*. at 1286. *See also Sloan*, 236 F.3d at 761-62 (holding that there was "no meaningful way in which the allegedly negligent investigatory acts could be considered apart from the totality of the prosecution" in part because "[t]he complaint does not allege any damages arising from the investigation itself, but only harm caused by the suspension to which it assertedly led." (quoting *Gray*, 712 F.2d at 516) (internal quotation marks omitted)); *Fisher Bros. Sales, Inc. v. U.S.*, 46 F.3d 279, 282 (3rd Cir. 1995).

The situation is much the same in the instant case. Here, the Plaintiff's alleged injuries flow directly from the prosecutor's decision to seek an indictment against Palm. The prosecutor prosecuted the Plaintiff based in part on Brown's report, but was free to interview Palm and further investigate the circumstances of the case. Though Plaintiff Palm focuses on Brown's conduct in preparing the report submitted to the prosecutor, Brown's alleged negligence is not severable from the ultimate decision to prosecute. Moreover, the Court finds that Brown's decision as to what evidence or information he should include in the report was in and of itself discretionary in nature. Accordingly, the Court finds that the discretionary function exemption shields the government's conduct in this case. The Court therefore lacks jurisdiction over the Plaintiff's FTCA claim.

*B. Failure to State a Claim*

As the Court determined above that it lacks jurisdiction over the Plaintiff's claim, it need not address the Defendant's argument that the complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

### IV.  Conclusion

For the reasons stated above, the Court finds that it lacks subject matter jurisdiction over the Plaintiff's complaint. Accordingly, the Court **GRANTS** the Defendant's motion to dismiss.

IT IS SO ORDERED.


Dated: June 23, 2006                              s/      *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE