UNITED STATES DISTRICT COURT
NONTHERN DISTRICT OF OHIO

------------------------------------------------------

DONTA L. PALM,                                   :
                                                 :
        Plaintiff,                               :     CASE NO. 5:05-CV-2667
                                                 :
                                                 :
vs.                                              :     OPINION & ORDER
                                                 :     [Resolving Doc. No. 30]
UNITED STATES OF AMERICA,                        :
                                                 :
                                                 :
        Defendants.                              :
                                                 :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 1, 2010, Plaintiff Donta L. Palm filed a "Motion to Reopen Case and Motion for Injury and Pain seeking the amount of 60,000 to 55,000 for all pain[.]" Plaintiff asks this Court to "look into [his] case" and alleges that the Social Security Administration negligently pursued litigation against him for a fraudulent claim, and that as a result of their negligence he spent seven days in prison which caused him severe emotional distress. [Doc. 30.]

The Court interprets Plaintiff's *pro se* motion as a motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b). *See Gunther v. Ohio Dep't of Corr.*, No. 98-4462, 1999 WL 1045168, at *1 (6th Cir. Nov. 9, 1999) ("Gunther's post-judgment 'motion to reopen' was properly deemed filed under Fed. R. Civ. P. 60(b) because it was not filed within [10] days after entry of the district court's judgment, the period during which a timely Fed. R. Civ. P. 59(e) motion . . . must be filed.").

Case No. 5:05-CV-2667
Gwin, J.

Rule 60(b) establishes that, upon motion, "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" for six specific reasons. Fed. R. Civ. P. 60(b). These reasons include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

In the Sixth Circuit, relief from judgment under Rule 60(b)(6)—the catch-all provision—is available "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (citations omitted). Under Rule 60(c)(1), "a motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

In this case, the basis of Plaintiff Palm's motion to reopen is unclear. Nonetheless, because the Plaintiff's motion does not meet the requirements of either Rule 59(e) or Rule 60(b), the Court denies the motion to reopen and accompanying request for damages.

First, the Plaintiff's motion to reopen was filed more than 10 days—in fact, over five years—after the entry of judgment, making it untimely under Rule 59(e). Moreover, the Plaintiff does not show with his motion that a clear error of law or newly discovered evidence exists, an intervening change in controlling law has occurred, or that the motion must be granted to prevent

Case No. 5:05-CV-2667
Gwin, J.

manifest injustice.

Second, the Plaintiff does not specify why his motion should be granted under Rule 60(b). Even assuming that the Plaintiff intended to bring his motion under Rule 60(b)(6), the catchall provision, he has not demonstrated why his case presents such exceptional or extraordinary circumstances that relief from judgment must be granted.

As a result, the Court **DENIES** Plaintiff Palm's motion to reopen and the accompanying request for damages.

IT IS SO ORDERED.

Dated: October 29, 2010          s/    *James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE