```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                         :
DONTA L. PALM,                           :
                                         :
         Plaintiff,                      :    CASE NO. 5:05-CV-2667
                                         :
vs.                                      :    OPINION & ORDER
                                         :    [Resolving Doc. Nos. 34, 36]
UNITED STATES OF AMERICA,                :
                                         :
         Defendant.                      :
                                         :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In 2005, Plaintiff Donta L. Palm filed this action against the United States for the actions of the Social Security Administration. [Doc. 1.] The Plaintiff alleged that the Social Security Administration negligently pursued litigation against him for a fraudulent claim, and that as a result of their negligence he spent seven days in prison which caused him severe emotional distress. The parties engaged in responsive pleading and, upon motion of the United States, the Court ultimately concluded that the Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction. [Doc. 17.] Specifically, the Court concluded that the Social Security Administration's decision to investigate Palm was a discretionary act not subject to judicial review. [Doc. 17 at 9.]

Plaintiff appealed to the Sixth Circuit. In 2008, the Sixth Circuit affirmed this Court's decision, finding that "Palm's claim for negligent investigation falls squarely within the discretionary function. The United States cannot be held liable for its decision to investigate potential fraud, nor for the investigation and subsequent prosecution." [Doc. 25 at 4.]

Case No. 5:05-CV-2667
Gwin, J.

Undeterred, on October 1, 2010, Plaintiff Palm filed a Federal Rule of Civil Procedure 60(b) "Motion to Reopen Case and Motion for Injury and Pain seeking the amount of 60,000 to 55,000 for all pain[.]" [Doc. 30.] Plaintiff asked the Court to, again, "look into [his] case." [Doc. 30 at 1.] Finding that Palm had "not demonstrated why his case presents such exceptional or extraordinary circumstances that relief from judgment must be granted" the Court denied Palm's motion to reopen. [Doc. 33.]

Now, two months later, Palm again asks the Court to reopen his case. [Doc. 34.] Essentially, Palm asks for his day in court, lamenting that "there are two sides to every story and I have never told my side." [Doc. 34 at 4.] Defendant United States opposes the motion and also moves the Court for an order denying all future post-judgment motions filed by Plaintiff on this matter. [Doc. 35; Doc. 36.]

Because Palm presents no newly discovered relevant evidence and otherwise fails to persuade the Court that this case is exceptional or extraordinary such that relief from judgment should be granted, the Court **DENIES** Palm's motion. The Court will, however, take a moment to speak candidly to the Plaintiff. The Court has read your impassioned plea for relief and realizes the devastating impact this ordeal has had on you and your family. However, as the Court has said in its previous orders, the legal doctrine of sovereign immunity tells this Court that it cannot reach the merits of your claim. This may seem unfair, but our Government has determined that exposing its employees to numerous lawsuits would hinder their ability to make independent decisions. It is the Government's role, not the Court's, to decide how the Government will apportion its resources. The Court thanks you, your mother, and everyone else who has submitted letters on your behalf for helping to inform the situation. But for the reasons already made clear, the Court will not reopen

Case No. 5:05-CV-2667
Gwin, J.

your case.

Nonetheless, because Plaintiff's post-trial motions are not "patently vexatious" and do not "appear calculated to harass the Court and abuse the judicial process," *Harris v. Doe*, 1:09-CV-3004, 2010 WL 1742094, at *1 (N.D. Ohio Apr. 27, 2010), the Court **DENIES** Defendant's motion to enjoin Plaintiff from filing future post-trial motions.

IT IS SO ORDERED.

Dated: February 3, 2011                      *s/     James S. Gwin*
                                                                         JAMES S. GWIN
                                                                         UNITED STATES DISTRICT JUDGE